```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

_____
                                    :
BRIAN J. TYKOT,                     :
                                    :
         Petitioner,                :   Civ. No. 17-92 (NLH)
                                    :
    v.                              :   OPINION
                                    :
STEVEN JOHNSON, et al.,             :
                                    :
         Respondents.               :
_____:


APPEARANCES:
Brian J. Tykot, No. 453577/305899C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
     Petitioner Pro Se

Jennifer L. Bentzel, Esq.
Burlington Prosecutor's Office
49 Rancocas Road
Mount Holly, NJ 08060
     Counsel for Respondents


HILLMAN, District Judge

	Petitioner Brian J. Tykot, a prisoner presently confined at the New Jersey State Prison in Trenton, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2003 New Jersey state court convictions.  ECF No. 1.  Respondent filed an Answer raising as an affirmative defense the statute of limitations, arguing that the Petition is untimely.  ECF No. 5.  Petitioner filed a reply.  ECF No. 6.

For the reasons discussed below, the Court will deny the Petition as time-barred under 28 U.S.C. § 2244(d).

**I. BACKGROUND**

In 2003, Petitioner pled guilty to and was convicted of three counts of murder in violation of N.J. Stat. 2C:11-32(3) in New Jersey state court. ECF No. 5-7 (judgment of conviction). He was sentenced on May 29, 2003 to life imprisonment with an 85% period of parole ineligibility consecutive to each count.[1] Id. Pursuant to Petitioner's guilty plea agreement, Petitioner agreed to waive his right to file an appeal. ECF No. 5 at 7.

Four years later, Plaintiff filed a direct appeal to the Appellate Division of the New Jersey Superior Court on July 31, 2007, see ECF Nos. 5 at 9, 5-13 at 5,[2] which appeal was denied on April 29, 2008. ECF No. 5-8 (order denying appeal). The order denying the appeal was not filed until May 7, 2008. Id. Petitioner then filed a petition for writ of certification with

---

[1] According to Respondent, Petitioner was sentenced to three consecutive life sentences for each count of first-degree murder. The sentencing judge calculated a life sentence to be 75 years. Under the No Early Release Act, defendant must serve 85% of each life sentence (approximately 63¾ years of each sentence) before being eligible for parole. According to public records, Petitioner's current parole eligibility date is 2193.

[2] The record demonstrates that Petitioner's direct appeal was not filed until July 31, 2007. Respondent does not provide a copy of the notice of appeal dated July 31, 2007. However, Petitioner has never disputed this date in this proceeding or in the underlying proceedings.

the New Jersey Supreme Court. That petition was denied on October 22, 2008. ECF No. 5-9 (table opinion denying certification). Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States, and his time for doing so expired on January 20, 2009.

While his petition for certification was pending, Petitioner filed a motion for post-conviction relief on November 19, 2008. <u>See</u> ECF No. 5-10 (PCR brief identifying date of filing of PCR petition). The PCR petition was denied by the Superior Court of New Jersey on July 29, 2010. ECF No. 5-11 (letter opinion denying PCR petition). Petitioner then appealed the denial of his PCR petition on August 20, 2010. ECF No. 5-12 (PCR appeal brief identifying date of appeal). His PCR petition denial was affirmed on appeal by the Appellate Division on July 24, 2013. ECF No. 5-14 (opinion denying appeal). Petitioner filed a petition for certification regarding the affirmance of the denial of his PCR petition with the Supreme Court of New Jersey, which was denied on April 14, 2014. ECF No. 5-15 (table opinion denying petition for certification). Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States regarding his PCR petition.

Petition filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 22, 2016. ECF No. 1 at 11 (Petitioner's certification that the Petition was

3

placed in the prison's mailing system on that date). In it, he argues that his convictions should be vacated because his confession was obtained in violation of his Fifth Amendment right to remain silent. See ECF No. 1-1 (brief in support of Petition). On the issue of timeliness, Petitioner states that his post-conviction relief became final on April 14, 2014, and thus his habeas petition would have been due by April 14, 2015. ECF No. 1 at 9. He argues, however, that "[d]ue to a clerical error at the Office of the Public Defender, petitioner did not receive the final state court decision until November 23, 2016," and he requests "equitable tolling from April 14, 2015 to November 23, 2016 due to attorney neglect." Id.

## II. DISCUSSION

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d). See also Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

4

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the Supreme Court of the United States. See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012); Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999). "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." Kapral, 166 F.3d at 577.

Here, Petitioner's judgment of conviction was entered on May 29, 2003. Forty-five (45) days later, on July 14, 2003,[3] his time for filing a direct appeal with the Appellate Division of the Superior Court of New Jersey expired. See N.J. Ct. R. 2:4(a) (providing forty-five days in which to file a notice of appeal to the Appellate Division). Once Petitioner's time for

---

[3] The Court notes that the forty-fifth day landed on July 13, 2003, which was a Sunday, and thus Petitioner would have had until the next day, a Monday, to file his direct appeal to the Appellate Division.

5

filing a timely direct appeal expired, his conviction became final for the purpose of § 2244(d). The next day, on July 15, 2003, his habeas statute of limitations became to run and then expired a year later, on July 15, 2004. See 28 U.S.C. § 2244(d)(1)(a). That Petitioner eventually filed an untimely direct appeal over four years after his judgment of conviction was entered is immaterial to Petitioner's case because the federal statute of limitations — and his right to file a 2254 petition — had already expired. See, e.g., Ellis v. Ricci, No. 09-cv-5124, 2010 WL 1741593, at *2 (D.N.J. April 28, 2010) ("Petitioner's conviction and sentence became final for purposes of § 2254 on November 18, 2002, the date on which Petitioner lost his opportunity for a timely direct appeal to the New Jersey Supreme Court. Petitioner's attempt to appeal his conviction to the New Jersey Supreme Court six years later cannot be considered for statute of limitation purposes because it was not timely. The statute of limitations for a valid § 2254 petition expired on November 18, 2003, one year after his conviction and sentence became final."). Accordingly, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in

appropriate cases, on a case-by-case basis.  560 U.S. 631, 649–50 (2010).  See Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013).  A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  See also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence.  Holland, 560 U.S. at 653.  "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well."  LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted).  See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies").  Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case.  See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible

7

diligence, but it does require diligence in the circumstances.").

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted). See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275–276. See also Holland, 560 U.S. at 648–49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself

has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Although Petitioner has raised an argument for why his Petition should be considered timely after the expiration of his PCR proceedings, Petitioner has failed to address the timeliness issue as it relates to his direct appeal.  The Court has reviewed Petitioner's filings and sees no circumstances which could potentially trigger equitable tolling.  The Court will dismiss the Petition without prejudice as untimely.  Petitioner shall have thirty (30) days in which to present the Court with any argument he wishes to make regarding equitable tolling as to the untimely direct appeal.  Failure to do so will result in the Petition being dismissed with prejudice.

**III. Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. United States, No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its ruling. No certificate of appealability shall issue.

## IV. Conclusion

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue accordingly.

An appropriate Order follows.


Dated: December 28, 2018             s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN
                                              United States District Judge